Andy C. Warshaw SBN 263880
Richard Sturdevant SBN 269088
**FINANCIAL RELIEF LAW CENTER**
1200 Main St. Ste C
Irvine, CA 92614
Office Phone: 714-442-3319
Facsimile: 714-361-5380
awarshaw@bwlawcenter.com

Attorneys for Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

In Re

SCOTT ROSENBERG,

                 Debtors in Possession.

Case No. 1:22-bk-11305-MB

Chapter 11

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Hearing:**
Judge: Hon. Martin R. Barash
Date: January 24, 2023
Time: 10:00 a.m.
Ctrm:  ZoomGov Only

Scott Rosenberg, Debtor in Possession ("Debtor"), hereby moves this Court to vacate the automatic stay as it pertains to the prosecution of an accounting of a family trust to which the debtor is a beneficiary and perhaps a trustee, and Debtor requests that Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived so that Movant proceed with the appeal.

The Bankruptcy Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §157(a), et seq. and 28 U.S.C. §1334, et seq. and it is a core proceeding within the definition of 28 U.S.C. §157(b).

This Memorandum of Points and Authorities is filed in support of the Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. §362 (with supporting declarations) (ACTION IN NON-BANKRUPTCY FORUM).

1      WHEREFORE, MOVANT RESPECTFULLY PRAYS THAT THE COURT:

2      1.  Render an Order granting Debtor relief from the automatic stay to permit Debtor to

3  proceed with the prosecution of the probate case;

4      2.  Waive the provisions of Federal Rules of Bankruptcy Procedure Rule 4001(a)(3);

5  and;

6      3.  Grant such other and further relief as the Court may deem just and proper.

7

8

9                                          Respectfully Submitted,

10                                         FINANCIAL RELIEF LAW CENTER

11
                                           /s/ Richard Sturdevant
12                                         Richard Sturdevant
                                           Attorneys for Scott Rosenberg
13                                         Debtor in Possession

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    FACTUAL SUMMARY

On or about November 9, 2022, Scott Rosenberg ("Debtor") filed a Petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Central District of California, San Fernando Valley, Bankruptcy Case No. 1:22-bk-11305.

Debtor is a beneficiary of The Jack and Charlotte Rosenberg Family Trust (the "Trust"), which has components referred to as Trust A, Trust B, and Trust C. The Trust is subject to a probate court action filed on July 12, 2018. The primary litigants to the case are the Debtor, his brother Mark Rosenberg ("Mark"), and their mother Charlotte Rosenberg who has an appointed guardian *ad litem*. The parties are anticipating a trial to be set in Spring 2023. The next conference hearing is scheduled for February 9, 2023.

Debtor is seeking the following relief in the probate action:

1. That Mark's Petition for Approval of Amended and Supplemental First Accounting of Mark be disallowed.

2. That Mark be surcharged for an amount exceeding $5 million related to transactions in the Amended Accounting.

3. That Mark provide vouchers for all distributions.

4. That Mark be ordered to account for Trust A and Trust C.

5. That Mark account and provide details of the internal transactions of entities JBR Management and Jackaire Corp. (which is a creditor of the Debtor), as well as other entities held by the trust, including all compensation paid to Mark and his family.

6. That Mark be suspended and removed as Trustee.

7. That Debtor be awarded attorneys fees and costs.

## II.    LEGAL ANALYSIS

### Debtor Must Obtain Relief From Stay to Proceed With Appeal

Section 362 of the Bankruptcy Code provides that a bankruptcy petition "operates as a stay, applicable to all entities," of the commencement or continuation of judicial proceedings

1    against the debtor. See 11 U.S.C. §362(a)(1). Subsection (d) of Section 362 provides as follows,

2    however:

3              On request of a party in interest and after notice and a hearing, the court shall

4              grant relief from stay…

5                   1)  For cause, including the lack of adequate protection of an interest in property

6                        of such party in interest;

7         Debtor now moves this court for relief from the automatic stay so that he may proceed to

8    trial in the current probate case.

9

10              **Cause Exists to Permit Litigation Outside the Bankruptcy Court**

11         "What constitutes 'cause' for granting relief from the automatic stay is decided on a case-

12   by-case basis." *Kronemyer v. Am. Constractors Indem. Co.*, 405 B.R. 915, 921 (9th Cir. BAP

13   2009) (citing *Christensen v. Tucson Estates, Inc.* 912 F.2d 1162, 1166 (9th Cir. 1990).

14         In determining whether "cause" exists to permit litigation outside the bankruptcy court to

15   proceed, courts have identified a series of factors that are potentially relevant to the inquiry.

16   These factors, which have come to be known as the "Curtis factors", are as follows:

17              1)Whether the relief will result in a partial or complete resolution of the issues;

18              2) The lack of any connection with or interference with the bankruptcy case;

19              3) Whether the foreign proceeding involves the debtor as a fiduciary;

20              4) Whether a specialized tribunal has been established to hear the particular cause

21              of action and whether the tribunal has the expertise to hear such a case;

22              5) Whether the debtor's insurance carrier has assumed full financial responsibility

23              for defending the litigation;

24              6) Whether the action essentially involves third parties, and the debtor functions

25              only as a bailee or conduit for the goods or proceeds in question;

26              7) Whether the litigation in another forum would prejudice the interests of other

27              creditors, the creditor's committee and other interested parties;

28

8) Whether the judgment claim arising from the foreign action is subject to equitable subordination;

9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

10) The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial;

12) The impact of the stay and the balance of the "hurt".

The Ninth Circuit Bankruptcy Appellate Panel has recognized that "the Curtis factors are appropriate, nonexclusive, factors in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum." *In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009). While the Curtis factors are widely used to determine the existence of "cause", not all of the factors are relevant in every case, nor is a court required to give each factor equal weight. Truebro, Inc. v. *Plumberex Specialty Prods., Inc*, 311 B.R. at 560.

Whether the relief will result in a partial or complete resolution of the issues

The Debtor seeks relief from stay in order to pursue to trial an action in which he is the Petitioner. With an anticipated trial occurring sometime in Spring 2023, the ultimate result will be a complete resolution of the issues.

The lack of any connection with or interference with the bankruptcy case

The probate case involves complicated issues involving the Trust which are not directly related to the bankruptcy case, as the underlying issues involve conduct of the trustee, whether the Debtor should be named a co-trustee, and an accounting of the Trust. Additionally, counsel representing the Debtor is not to receive payment directly from the Debtor or the estate, so it is not anticipated that attorneys fees will not interfere with the bankruptcy case either.

1

<u>Whether the foreign proceeding involves the debtor as a fiduciary</u>

2

The debtor is not a fiduciary in the underlying case.

3

4

<u>Whether a specialized tribunal has been established to hear the particular cause of action and</u>

5

<u>whether the tribunal has the expertise to hear such a case</u>

6

The probate case is being heard in Los Angeles Superior Court. No specialized tribunal

7

has been established, nor is it anticipated that one will be established.

8

9

<u>Whether the debtor's insurance carrier has assumed full financial responsibility for defending the</u>

10

<u>litigation</u>

11

The Debtor's insurance carrier has no financial responsibility for prosecuting the

12

litigation. Debtor does not anticipate the estate paying any monies to his probate counsel, thus

13

the bankruptcy estate will not be required to expend estate property to fund the prosecution of the

14

case.

15

16

<u>Whether the action essentially involves third parties, and the debtor functions only as a bailee or</u>

17

<u>conduit for the goods or proceeds in question</u>

18

While the Debtor's mother is has a guardian *ad litem* who has appeared in the case, the

19

action does not involve third parties to whom the debtor functions as a bailee or conduit for the

20

goods or proceeds in question.

21

22

<u>Whether the litigation in another forum would prejudice the interests of other creditors, the</u>

23

<u>creditor's committee and other interested parties</u>

24

Other creditors will not be prejudiced by the Debtor continuing to prosecute the probate

25

action. On the contrary, should the debtor prevail on his claims it is possible that the debtor's

26

income will increase such that more funds will be made available to fund the plan payments.

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

1    Whether the judgment claim arising from the foreign action is subject to equitable subordination

2        Mark's claim will not be subject to equitable subordination.

3    Debtor has no intention of treating Mark's claim differently than the claims of other nonpriority

4    unsecured creditors in his class.

5

6    Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by

7    the debtor under Section 522(f)

8        As movant is the Debtor, success in the probate action will not result in a judicial lien

9    against him.

10

11    The interests of judicial economy and the expeditious and economical determination of litigation

12    for the parties

13        This bankruptcy court is not a forum to decide a probate court action that has been

14    litigated for 4 years.  The probate case has had extensive litigation and motions filed and is

15    culminating in a trial in the near future. It would be against judicial economy for the trial to be

16    delayed, and potentially diminish the estate as there remains the possibility of the Debtor

17    prevailing on his claims.

18

19    Whether the foreign proceedings have progressed to the point where the parties are prepared for

20    trial

21        A trial is anticipated to begin sometime in Spring 2023. The parties are very nearly for

22    trial after 4 years of litigation.

23

24

25        The impact of the stay and the balance of the "hurt"

26        The automatic stay is preventing Debtor from prosecuting the probate case. The case is

27    nearly at the final stage with trial anticipated within 6 months. Prosecuting the case will not cost

28    the bankruptcy estate any additional monies. Should the Debtor prevail, the bankruptcy estate

MEMORANDUM OF POINTS AND AUTHORITIES

1   might benefit by an increase in funds available to the debtor. Other creditors may benefit as they

2   will receive a greater share in their own unsecured dividend. There will be no "hurt" to the

3   bankruptcy estate if the court grants Debtor relief from the automatic stay.

4

5                                    III.     CONCLUSION

6        Movant requests that the court grant Movant immediate relief from stay under 11 U.S.C.

7   §362(d)(1) and (d)(2) to allow Movant to proceed with prosecution of the probate case.

8

9

10  Dated: January 3, 2023                        Respectfully Submitted,

11                                                FINANCIAL RELIEF LAW CENTER

12
                                                  /s/ Richard Sturdevant
13                                                Richard Sturdevant
                                                  Attorneys for Scott Rosenberg
14                                                Debtor in Possession

15

16

17

18

19

20

21

22

23

24

25

26

27

28