Andy C. Warshaw SBN No. 263880
**FINANCIAL RELIEF LAW CENTER, APC**
1200 Main St., Suite C
Irvine, CA 92614
Direct Phone: (714) 442-3319
Facsimile: (714) 361-5380
Email: awarshaw@bwlawcenter.com

Attorneys for Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re<br><br>SCOTT ROSENBERG<br><br>    Debtor in Possession. | Case No.:   1:22-bk-11305-MB<br><br>Chapter 11<br><br>**STATUS REPORT COMPLYING WITH ORDER SETTING SCHEDULING AND CASE MANAGEMENT CONFERENCE**<br><br>Hearing:<br>Date: January 24, 2023<br>Time: 1:30 pm<br>Location: Zoom.gov<br><br>Url: https://cacb.zoomgov.com/j/1604386813<br>Meeting ID: 160 438 6813<br>Password: 514975<br>Phone Options: 1 (669) 254 5252 or 1 (669) 828-7666 |

Scott Rosenberg., the debtor in possession ("Debtor"), hereby submits this **STATUS REPORT COMPLYING WITH ORDER SCHEDULING CHAPTER 11 STATUS AND CASE MANAGEMENT CONFERENCE** (the "Report").

## 1.    Service of Status Conference Order

A proof of service will be filed showing service of the ORDER SETTING SCHEDULE AND CASE MANAGEMENT CONFERENCE on parties including the United States Trustee, parties on the mailing matrix, and parties who requested service via CM/ECF notice. A true and

1

correct copy of the ORDER SETTING SCHEDULE AND CASE MANAGEMENT CONFERENCE is attached to the Declaration of Scott Rosenberg as Exhibit 1.

## 2.     Service of Status Report

The Debtor is serving the same parties as described above in paragraph 1 with a copy of both the ORDER SETTING SCHEDULE AND CASE MANAGEMENT CONFERENCE and the Debtor's STATUS REPORT COMPLYING WITH ORDER SETTING SCHEDULING AND CASE MANAGEMENT CONFERENCE.

### A. A brief description of the debtor's businesses and operations, if any, and the principal assets and liabilities of the estate

All of the Debtor's assets are disclosed on Schedules A/B of the bankruptcy petition. A true and correct copy of Schedule A/B is attached as Exhibit 2 to the declaration of Scott Rosenberg. The catalyst to the filing of this bankruptcy case was the foreclosure of the Debtor's interests in certain LLCs: Walnut Square Apts LLC, 8110 Redlands Apts LLC, and Camino Palmero Apts, LLC (the "LLCs[1]"). The Debtor's LLCs' interests are subject to pending litigation in the Superior Court, County of Los Angeles, with the following case numbers: SC 117495, SC 117496, SC 117499, SC 117500, and 18STPB06444 (the "Trust Litigation"). A brief summary of the ownership and status of individual LLCs is below.

Walnut Square Apts LLC

Walnut Square Apts LLC ("Walnut Square") is a California limited liability company. The Debtor acquired a membership in Walnut Square on or about June 11, 2013. The Debtor's membership interest is approximately 13.66%. The Debtor's economic interest is subject to three liens: 1) a charging order held by secured creditor Jackare Corp., 2) a UCC financing statement filed by creditor Trust A established the Jack and Charlotte Rosenberg Family Trust, Apr. 20,

---

[1] The Debtor also is a member of R02 Enterprises, LLC, which is not included in the definition of LLCs.

1992, as amended, and 3) a UCC financing statement filed by creditor Trust B established under the Jack and Charlotte Rosenberg Family Trust, Apr. 20, 1992, as amended. The Debtor's estimated membership interest monthly net allocation is $6,194.20. The value of the asset to the bankruptcy estate is listed as unknown in Schedules A/B.  The Debtor requires access to books and records of all of the LLCs and the professional assessment of a business valuator to properly determine market value of his interest in the LLCs.

8110 Redlands Apts LLC.

8110 Redlands Apts LLC ("Redlands") is a California limited liability company. The Debtor acquired a membership in Redlands on or about September 20, 2012. The Debtor's membership interest is approximately 10.3125%. The Debtor's economic interest is subject to two liens:1) a charging order held by secured creditor Jackare Corp., and 2) a UCC financing statement filed by Trust B Established under the Jack and Charlotte Rosenberg Family Trust, April 20, 1992, as amended. The Debtor's estimated membership interest monthly net allocation is $1,753.12.

Camino Palmero Apts LLC.

Camino Palmero Apts, LLC ("Camino Palmero") is a Delaware limited liability company. The Debtor acquired a membership in Camino Palmero on or about September 20, 2012. The Debtor's membership interest is approximately 13.59%. The Debtor's economic interest is subject to two liens: 1) a charging order held by secured creditor Jackare Corp., and 2) a UCC financing statement filed by Trust B Established under the Jack and Charlotte Rosenberg Family Trust, April 20, 1992, as amended. The Debtor's estimated membership interest monthly net allocation is $3,870.

Ro2Enterprises, LLC.

3

This company is a classic car management company that has one client; the client owns approximately 50 classic cars. Prior to the government shutdown of the COVID-19 pandemic, Ro2Enterprises, LLC marketed cars to movie producers for use on movie sets. Currently the company's expenses are greater than its income and is generally inactive. The Debtor does not receive an income from this company and does not anticipate income from Ro2Enterprises, LLC in the near future.

Other Assets

As a summary of remaining assets, the Debtor owns a 2011 Mercedes 550 SL, is the beneficiary of the Scott Rosenberg Irrevocable Trust, and has interests in "Trusts, Equitable or Future Interests" listed on line 25 of Schedules A/B. The values listed for assets under "Trusts, Equitable or Future Interests" are unknown for the following reasons:

> The Straw and Sack intervivos has produced no income for the Debtor in the past three years and the income is based upon the Trustee's discretion. The value, although unknown, may be $0.

> Crystal Stone intervivos settlement: This is similar to the Straw and Sack Intervivos Settlement to the extent that any distribution is at the Trustee's discretion thereby making it difficult to value.

> Scott Rosenberg Irrevocable Trust. This is a spendthrift trust in which distributions are at the Trustee's discretion. The Debtor lists this as not part of the bankruptcy estate on Schedules A/B.

> Jack and Charlotte Rosenberg Trust A and B, as amended: This is subject to the Trust Litigation. Schedule A/B indicates that this disclosure is a spendthrift trust and may not be property of the bankruptcy estate.

## B. Brief Answers to the following questions:

2.1. What Precipitated the filing of this case?

The Debtor's most significant liability, and the catalyst to filing this case, was the foreclosure sale of the Debtor's interests in his LLC's that were secured UCCs and a charging order lien. The case was filed on the eve of the foreclosure sale.

2.2. What does the Debtor hope to accomplish in this case?

The simplest summary of the Debtor's intentions is that he intends to file a plan and disclosures statement that resolves the Trust Litigation claims and pays other claims with available resources based on disposable income or the liquidation analysis. The content of the plan will depend on the outcome of the Trust Litigation and the value of assets in the bankruptcy estate.

Valuing the Debtor's assets will play a key role in determining how the Trust Litigation claims are treated and whether they are partially or fully secured. Whether the assets are partially or fully secured impacts whether Jackare Corp is entitled to any additional adequate protection for its cash collateral, that it is currently withholding from the Debtor, despite the Debtor's written and oral demands. Once the bankruptcy court determines the value of the Debtor's assets, the Debtor will proceed with a plan and disclosure statement to properly classify claims. It is also possible that the Debtor seeks bankruptcy court approval to sell certain assets as a resolution to the Trust Litigation.

Conversely, The Debtor may utilize an earn-out plan with no liquidation provision. The Debtor projects regular income over the next several years from his labor in the comic book and entertainment industry. The Debtor has the ability to monetize his skills in the production of films, comic book adaptations, television, merchandising and all other forms media. The Debtor

5

released films and tv programming with Universal Pictures, Paramount Pictures, DreamWorks Films, MGM, Showtime, and Lionsgate, and has developed with Disney, Time-Warner's New Line Films, 20th Century Fox and Sony Pictures Entertainment.

The Debtor's December 2022 monthly operating report will show more than $15,000 of income from his post-petition labor and is an example of additional funds and resources that will be available to fund a plan. The funds from the charging order and regular labor would be enough to fund a Chapter 11 Plan of Reorganization.

As another available resolution, the Debtor is expected to receive significant funds when the Trust Litigation is resolved and/or with the passing of his mother, who's estate is at least partially the subject of the Trust Litigation. These funds are projected to be ample to pay off all allowed claims in the bankruptcy case.

2.3. What are the principal business and financial problems facing the debtor and how does the debtor intend to address these problems?

The major issue at the beginning of the case was and remains as an issue in the failure of the LLCs to pay the Debtor funds owed that are being withheld by the pre-petition charging order. This issue remains pending as the parties work to resolve the issue amicably.

2.4. What are the main legal disputes facing the debtor and likely to be encountered during this case, and how does the debtor recommend that these disputes be resolved?

Scott Rosenberg is a co-trustee and beneficiary of the trusts established by the Jack and Charlotte Rosenberg Family Trust and is the petitioner in the Matter of the Jack and Charlotte Rosenberg Family Trust and the related Trust Litigation. The next hearing related to the matter was scheduled for December 12, 2022, although the matter was continued due to the Superior Court's concern about the automatic stay.

The issue of the automatic stay arose at the Debtor's 341(a) meeting of creditors, when Adam Streltzer, the guardian ad litem for Charlotte Rosenberg, inquired as to the Debtor's position on the automatic stay relating to the trust litigation and whether the Debtor would stipulate to allowing the matter to go forward.  The Debtor responded affirmatively (through his counsel) that the Debtor would enter into such stipulation or alternatively file a motion with the bankruptcy court to allow the trust litigation to proceed. The Debtor has since filed a relief from stay motion for the Trust Litigation to proceed.  The Trust Litigation conclusion will create value for the bankruptcy estate to pay allowed claims.

2.5. What is the debtor's estimate regarding timing for confirmation of a plan?

The plan confirmation timeline and path will depend on the progress and status of the Trust Litigation.  The Debtor recommends that a plan filing deadline not be set until the Trust Litigation concludes or is otherwise resolved.  The resolution of the Trust Litigation will simplify the Debtor's Chapter 11 Plan of Reorganization and accompanying Disclosure Statement and possibly provide for a consensual confirmation process.  The Debtor estimates that the Trust Litigation may have a result in March or April of 2023.  The Debtor would need at least 60-days from the Trust Litigation conclusion to process results and formulate a plan and disclosure statement from there.

2.6. Is the debtor a "health care business" as defined under 11 U.S.C. § 101(27A)?

> **(27A)** The term "health care business"-**(A)** means any public or private entity (without regard to whether that entity is organized for profit or not for profit) that is primarily engaged in offering to the general public facilities and services for-**(i)** the diagnosis or treatment of injury, deformity, or disease; and**(ii)** surgical, drug treatment, psychiatric, or obstetric care; and

11 U.S.C. § 101

The Debtor is not a health care business.

2.7.  Is the debtor a small business debtor as defined under 11 U.S.C. § 101(51D)?

> **(51D)** The term "small business debtor"-**(A)** subject to subparagraph (B), means a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $2,000,000 [1] (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor; and**(B)** does not include-**(i)** any member of a group of affiliated debtors under this title that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $2,000,000 [1] (excluding debt owed to 1 or more affiliates or insiders);**(ii)** any debtor that is a corporation subject to the reporting requirements under section 13 or 15(d) of the Securities Exchange Act of 1934 ( 15 U.S.C. 78m, 78o(d) ); or**(iii)** any debtor that is an affiliate of a corporation described in clause (ii).

11 U.S.C. § 101

The Debtor is not a small business debtor. The Debtor has aggregate noncontingent liquidated secured and unsecured debts in excess of $2,000,000.

2.8.  Is this case a single asset real estate case as contemplated in § 101(51B)?

> **(51B)** The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.

11 U.S.C. § 101

The Debtor does not directly own any real estate and the case is not a single asset real estate case.

2.9.  Has the Debtor complied with all of its duties under 11 U.S.C. §§ 521, 1106, 1107, and (if applicable) 1116, F.R.P.B. 1007 and all applicable guidelines of the Office of the United States Trustee?

11 U.S.C. § 521 sets forth obligations of the Debtor including filing a list of creditors, current income, a statement of financial affairs, and other.  The Debtor met these obligations with all schedules and required documents filed in the case to date including a certificate of credit counseling.

11 U.S.C. § 1106 sets forth the duties of a trustee or a debtor in possession. The Debtor complied with any applicable portions of this section.

11 U.S.C. § 1107 sets forth the rights of a debtor in possession. The Debtor complied with any applicable portions of this section.

11 U.S.C. § 1116 sets forth requirements in a small business case. Compliance with 11 U.S.C. § 1116 is inapplicable because it is not a small business case.

2.10. Do any parties claim an interest in cash collateral of the debtor? Is the debtor using cash that any party claims as its cash collateral, and if so, on what date did the debtor obtain an order authorizing the use of such cash or the consent of the party?

The Debtor holds the position that he is entitled to proceeds that flow from the LLCs each month that were subject to a pre-petition charging order. It is possible that, if the Debtor receives funds, that they have cash collateral implications. The Debtor and opposing counsel in the Trust Litigation are discussing possible outcomes and resolutions.

## C. Professional Engagements

The Debtor anticipates the following engagements:

I.  The Debtor retained Financial Relief Law Center, APC as general bankruptcy counsel. An order granting employment of Financial Relief Law Center, APC remains pending. An application to employ was filed with an order uploaded on December 13, 2022, that remains unentered. The pre-petition retainer provided by the Debtor was $47,400. It is difficult to anticipate or estimate the cost of the bankruptcy case because the Trust Litigation plays such a crucial role in the process. An early resolution to the Trust Litigation will decrease costs while ongoing or indefinite Trust Litigation will increase costs exponentially. Current time records show labor and costs to date of more than

9

$40,000 prior to a plan and disclosure statement process. The best estimate at this time is in excess of $100,000 through plan confirmation, with an unknown ceiling.

II. The Debtor's Trust Litigation counsel, Parker Milliken, continues with its engagement pre-petition engagement. The engagement is subject to a contingency in that they would be paid as part of any settlement between the parties. It is not known at this time whether Parker Milliken will file an employment application in this case although it seems more likely than not that it will not.

III. The Debtor retained Penny M. Fox as a CPA. An employment application was filed on December 15, 2022. Ms. Fox will prepare the Debtor's monthly operating reports. The Debtor anticipates costs of $500 per month for operating report purposes to Penny M. Fox, although the first is likely to be more expensive.

IV. The Debtor needs to retain a professional to value his interests in the LLCs. The Debtor is currently in contact with a broker and will seek employment when appropriate.

V. The Debtor may retain Chris Dietrich of Dietrich and Associates as his securities and corporate counsel.

VI. The Debtor may retain Bruce Ishimatsu to represent him in the pre-petition litigation with Douglas Emmett.

### D. Evidence of Projected Income, Expenses, and Cash Flow

The Debtor's Statement of Financial Affairs lists income from the Scott Rosenberg Irrevocable Trust of $15,828 per year or $1,328 per month as pre-petition income. The Debtor did not receive any wage or other income in 2022. The Debtor received income from the EDD between November 9, 2021 and December 31, 2021 totaling $17,742  The Debtor expects expenses in line with Schedule J of the bankruptcy petition and schedules.

The Debtor's forward-looking cash flow is atypical in the sense that the Debtor is negotiating with secured creditor, Jackare Corp., for the use of its cash collateral, that Jackare Corp. is currently denying the Debtor. The timing and amount of available funds to the Debtor will depend on whether the Debtor and Jackare Corp. come to an amicable resolution about the funds subject to the charging order.

In addition to the prospect of funds from the charging order, the Debtor also expects $1,319 per month from the Scott Rosenberg Irrevocable Trust and to build toward $15,000 per month or more from his labor in the entertainment industry by the Effective Date of the Chapter 11 Plan. The Debtor additionally has the benefit of Platinum Studios paying a portion of his rent each year which equates to $2,215 per month, noting that this amount and the Debtor's rent is paid annually in advance.

### E. Claims Bar Deadline

The Debtor filed a claims bar motion seeking a general bar date of February 10, 2022. The motion remains pending with an order uploaded to LOU on December 13, 2022.

### F. Lease and Executory Contracts

The Debtor lists various executory contracts or leases on Schedule G but does not intend to file any assumption motion.

### G. Sale of Estate Assets

The Debtor discussed the possibility of selling a portion or entirety of his LLCs interests in sections above.

### H. Plan and Disclosure Statement Deadlines

The Debtor requests that Trust Litigation be resolved prior to the Debtor being required to file a plan and disclosure statement, along with the passing of any claims bar dates (including governmental claims). The interaction between the Debtor and the parties involved in the Trust

Litigation will significantly impact the timing and content of the Debtor's plan and disclosure statement such that it is in all parties' interest to allow a trial to proceed and conclude in those matters before a plan and disclosure statement are filed.

January 10, 2023                    Respectfully Submitted,

                                        /s/ Andy C. Warshaw

Andy C. Warshaw, Esq.
Attorneys for Debtor in Possession
1200 Main St., Suite C
Irvine, CA 92614